Judge Buckner,
delivered the opinion of the court.
This was an action of covenant in the name of the commonwealth, for the use of McChord against Ignatius Abell, on the official bond of Jesse Abell and his sureties, (of whom, the defendant was one) as Sheriff of Washington county.
The declaration,after settingforth the conditions of the bond, avers,, that said Jesse had not by himself or deputy, kept and performed his covenant, by performing the duties of sheriff, according to law, during his continuance in office; but had violated the same in this,.that on the 2d of January, 1826, an execution of Jieri facias from the circuit court office of Washington county, in the name of Richard Forest, against the plaintiff and D. C. Cosby for $405, 77 cents, with interest thereon, from 1.6th of April, 1821, till paid, and for §1, 41 cents costs,, was placed, before the return day thereof in the hands of the defendant, who was, at that time, the acting deputy of said sheriff; which the defendant levied on a female slave, named Caty, the property of the plaintiff, of the value of $.600; of which slave, the defendant had failed to give any account, nor had the said Jesse given any account of her; but had either converted her to his own use. or negligently suffered her to escape; and had failed to deliver her to the plaintiff, or to credit the executioft with any thing for her.
The defendant pleaded, several pleas, to which demurrers were sustained.. He filed also, the following pleas:
HR Covenants performed.
2d. That the slave, in the declaration mentioned, was not the property of the plaintiff.
3d. That he had not levied the execution, in the declaration mentioned, on the slave; that she was not *477 the property of the plaintiff; that he had not con ver-ted to his own use, and had not negligently suffered her to escape; upon which pleas, issues were lender-ed and joined.
4th. That before the execution issued, J. Whelan had possession of the slave, Caty; claiming her as his own property; thai Whelan had hired the slave to J. Calhoun, previous to the issuing of the execution; and that he, defendant, did not take possession of said slave, but left her in Calhoun’s possession; the time for which she had been hired, not having expired at that time; and that it had not expired until after the return day of the execution.
To that, the plaintiff replied, that Whelan had purchased the slave fraudulently from one B. Wathen, taking from Wathen an absolute bill of sale for her; yet did not take possession of her, but permitted her to remain in the peaceable possession of his vendor, until she was levied on by the sneriff of Washington county, by virtue of an execution; which, with the judgment on which it issued, and the official return thereon,is proffered, in favorof R. Forrest against said Wathen; that she was sold by the sheriff under that execution, and that the plaintiff became the purchaser ;"that the plaintiff never did deliver possession of her to Whelan; that the defendant did levy the execution, in the declaration mentioned, on said slave, and took her into his possession, arid that she was not in Calhoun’s possession, by hire, for any particular length of time; nor was said Calhoun, at the time, a hirer of said slave, on which issue was joined.
The jury having returned a verdict in favor of the plaintiff for $>339, the defendant moved the court for a new trial, which was granted, to which the plaintiff excepted, spreading the evidence on the record.
The grounds, in part, relied on for the new trial were, that the court erred in giving erroneous instructions to the jury, at instance of the plaintiff; in refusing to instruct them, as asked for by the defendant; and that the verdict was contrary to law and evidence. Upon a second trial, the parties agreed to read to the jury, as evidence, the bill of exceptions, which had been filed on the first trial, introducing no additional testimony, which was accordingly done;and aver- *478 diet for the defendant was returned, which the plain* moved the court to set aside, and grant a new trial, on the grounds, that it was contrary fo law and evidence; that the court erred in refusing to give the 3J and 4th instructions as asked for by plainiilf, and giving them as qualified; and in giving instructions moved for by the defendant. The court overruled tile motion, and entered judgment for the defendant,, to reverse which, this writ of error is prosecuted.— The errors assigned, cal! in question the propriety of setting aside the first verdict, and in refusing to grant a new trial, in the second instance.
Atthoiwh oílí-cer has I. vwd ami taken in-property1''the iid • t<> i* in (telenet-an t. in ex ecu-which iti« taken, jet, it ken prty ríom The adverse po=-session oi a TitT'dctcml-ant in the ex-ecntion, he is makTa return of snoh levy, jir to cell the property, I«i «»t«h cnsoT offiriT buying acted unlawful ft in t;k* irnr the prop» ert\, may n ake Ids petire with the injured person hy im-media te restoration.
*478 That the circuit court did not err in setting aside the verdict returned in favor of the plaintiff, is clear, for several reasons. In the first place, it was satisfactorily shewn that at, and before the date of the execution, which was placed in the bands of the defendant, Whelan held possession of the slave, adverse to the claim of McChord; that lie had hired her to Calhoun, who held her under him at the time the alleged levy was made on her; and that he continued so to hold possession, until lie delivered her to Whelan. It does not appear from the official return on the execution, that the defendant had levied it on her. if it did, he might, according to the doctrine laid down in the case of the com nonwealth for Faris vs. Fuqua; III. Littell, 45, be estopped, by his return, to deny that t',a shive belonged to McChord, and was subject to the execution. But the.reason assigned in that case, cannot be applied to this. The reason there given, which was an action against the officer, by the plain-in the execution, for not selling slaves which lie fiad seiz'd in virtue of it, and on which lie had made ;l rcfim, accordingh , i-, that the plainiilf was pro-vented by the return on the execution, to proceed ugiinstanv other estate of tim defendant; and that ^!n’iiig undertaken to return the fad of seizure of them, as the property of tlie defendant was estopped to deny tho truth of such return. In the ease under consideration, the defendant returned *u! had levied (Im execution on a tract of land, the property of Cosby; which, from tile return endor-S8f¡ thereon, it appears was sold, and the amount due, made and paid to the plaintiff in the execution. U is true, that it was proved, that the defendant ac- *479 fcnowledged that he had levied it on the slave; but it does not appear that ho pver look her info possession-, indeed. it is clear, that he did not take heront of Calhoun’s possession. However undeniable, Hie right of the pi linlifT (o !he slave may have been, as she was in the adverse possession of a man, not a defendant in the execution, the defendant was not bound, had ho. even taken her into possession, under a levy actually made, to proceed to make a return accordingly, and to sell her. Having acted unlawfully in taking her, he would have had a right to malic his peace with the injured party, by immediate restoration; and if so, it follows more clearly, that not having taken her into possession, he was not bound to do so.
To obtain a reversal ol tl judgment on ground of erroneous in* struct ions píten to Urn jury urn! a refusal, by (he inferior court, to grant n new trial, instructions rmi«t appear in f he record » When inferior oourt has granted a new trial on ground of erroneous instructions Inn ins been given to a jury. and instructions do not appear in the record, appellate court cannot reverse the judgment on account of such new trial hating been granted. When inferi-órcourtgranfs a new trial on erouml that verdict i« con Irary to evidence, the jinl-m1 nt will amt, on that Recount, be reversed, unless all the evidence given on the trinl, be certified.
*479 Iu the second place, it appears that the circuit court gave instructions to the jury, which the defendant complained of, as erroneous. What, was the character of them, does not appear from any bill of -exceptions taken on (he find trial; and although, if the court had refused to grant a new tiial, the judg •meat could not have been reversed, at the instance of the defendant, on the ground of an alleged misdirection, u ithout exhibiting the instructions, (hat we might have an opportunity of determining on them; yet, as a new trial was granted, and probably on (hat ground, we cannot say that the circuit court erred in doing so.
If a court grant anew trial, on the ground that the verdict is contrary to evidence, the opinion will not lie-declared to be erroneous, by the appellate court, unless all the testimony be certified.
The demurrer to the defendant’s pleas, brought the whole pleadings before the court; and if the declaration is defective, the demurrer to the pleas was improperly sustained ; and we are of opinion, that it is. Viewing the declaration without considering the statute of 1811; I. Dig. L. K. 262, it is clearly defective. The provisions of that statute have dispensed with the necessity of observing the rules of mere form. Special demurrers have been laid aside; and hence duplicity in pleading is not at this day an available objection. The objection however, to the present declaration, is not on account oí a lack of form *480 only; nor is it that of duplicity; but it is, that it does not set out positively, any particular cause of action. The ground is alleged, in the alternative, (lhni the defendant had. either converted the slave to his own use, or had negligently suffered her to escape? which upon reason, as well as on precedent, is objectiona» ble; see Stephen on pleading, 388.
Special demurrer» are abolished. Duplicity in pleading is not, now, an available objection.
Declaration mo=t set out the cau=e or causes of action positively and not altsr-natioely.
dlHernafive pleading is ¿ad.
A party so situated, that had he obtained a judgment in his favor, it would have been reversed on writ of error prosecuted by his adversary, cannot himself maintain ñ writ of error.
*480 Admit that either is the proper foundation of an action, the defendant might inquire of the plaintiff, with which of the violations of duty, specified in your declaration, do you charge me? The reply is, with neither one in particular, nor with both, but with one or tlie other. It is very important however, to the necessary preparation /or defence, thpt he should be certainly informed. The measure 'of damages for íhe one and the otliej-mia-hi-be-verv "different"! The main object of pleading, is to apprize the adversary of the charge made,or the point of defence relied on; and iojyhich he is notified, to direct his attention. Supposethut instead of two violations of duty, a dozen or more had been specified, with an averment that the defendant had been guilty of some one of them; to each of which lie should reply as man}1 distinct matters of defence, not knowing on which of all the points he would be assailed. To wliat almost interminable confusion it would lead? To this, it may be replied, that duplicity in pleading is subject to the same objections; and that the statute referred to, obviates the objections to that. The answer is, that there is an obvious difference between duplicity in a. plea, and pleading in the alternative; and that if the legislature has thought proper to pass a statute licensing the one, it does not follow, that the other should be sanctioned. It ougiit not to be permitted, unless a correct construction of the statute justifies it; and we do not conceive that it does.
As then, the declaration is defective, the plaintiff lias no right to complain that the new trial was granted ; for it is well settled, that if, where a party has obtained a judgment in his favor, it would be reversed on a writ of error prosecuted by his adversary, he cannot maintain one himself.
The view already taken, as the testimony was the same on each trial, might be sufficient to shew that *481 Ilie new tria!, In the second instance, was properly refused. But we shall examine the third and fourth instructions moved for by the plaintiff, which the court refused to give, except with qualifications. As moved for, they are in the following words:
Property, which belong® to defendant in execution, if in the'ád-tierse possession of another, is not the propersubject of a levy under the execution-.
M. D. McHenry, Wi'cklijfe and Woolley, for plaintiffs Rudd and T, Crittenden, for defendant.
“That if the slave Caty was the property of John McChord, under and by virtue of the sheriff’s sale aforesaid, she was subject to execution and sale, under the execution of Richard Forest against said Mc-'Chord and D. C. Cosby.”
“That if the defendant did levy the execution of said Forest against McChord and Cosby, on the slave aforesaid, and did not sell and appropriate the proceeds to said execution, pay it over to McChord-, or return the slave to him, but suffered her to escape, the law makes him liable to McChord, for her value, at the time of the levy.”
These, it is probable, were a part of the instructions given, at the instance of the plaintiff, on the fir^t trial» Be that as it may, the court on the second trial gave them, but with the following qualification: unless the jury should be of opinion, that Calhoun held the possession of the sl-aVe, on hire, from Whe-lan; and that Whelan claimed title to her, under his purchase from Wathen. Whether the latter instruction should have been given, even with the qualification, it is unnecessary to inquire. Whelan’s claim under Wathen was adverse to that of McChord, and the qualification was evidently proper, under the testimony. If McChord’s title was valid, if another held adverse possession at the time and before the alleged levy, it was converted into a chose, in action, and was not the subject of a levy; Thomas vs. Thomas’ administrator, II. Marshall, 430, and the authorities there cited
To the instructions given on the motion of the defendant, no particular objection has been urged; the most of them were in accordance with the principles ••of the qualification to the third and fourth instructions above mentioned, and we have not p'erceived any tenable objection to any of them.
The judgmentof the circuit courtmustbe affirmed with costs.